# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STONECOAT OF TEXAS, LLC, | § | |
| STONECOAT GP, LLC, and | § | |
| STONECOAT LP | § | |
|     Plaintiffs/Counter-Defendants | § | |
| | § | |
| V. | § | Civil Action No.  4:17CV303 |
| | § | Judge Mazzant/Magistrate Judge Craven |
| PROCAL STONE DESIGN, LLC, | § | |
| PROCAL STONE DESIGN USA, LLC, | § | |
| PROCAL ENTERPRISES, LLC, JOHN | § | |
| PROFANCHIK, SR., JUSTIN KINSER, | § | |
| IRMA VILLARREAL, ALFREDO | § | |
| GONZALEZ, PHILIPPE MERGAUX, | § | |
| and PIERRE-LAURENT CHAMIELEC | § | |
|     Defendants/Counter-Plaintiffs | § | |
| | § | |
| | § | |
| V. | § | |
| | § | |
| THE MORRISON FAMILY TRUST and | § | |
| KENNETH W. MORRISON, | § | |
| Individually and in his capacity as | § | |
| Trustee | § | |
|     Third-Party Defendants | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFFS', MORRISON'S, AND MFT'S MOTIONS FOR SUMMARY JUDGMENT

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  On July 25, 2019, the Magistrate Judge issued a Report and Recommendation, recommending Plaintiffs' Motion for Summary Judgment (Dkt. #131) and The Morrison Family Trust and Kenneth Morrison's Motion for Summary Judgment (Dkt. #194) be denied.  Plaintiffs-counterdefendants StoneCoat of Texas, LLC ("SCOT"), StoneCoat GP, LLC ("StoneCoat GP"), and StoneCoat, LP ("StoneCoat LP") (collectively,

"Plaintiffs") filed objections and supplemental objections to the Report and Recommendation. Additional counterdefendants, The Morrison Family Trust ("MFT") and Kenneth W. Morrison ("Morrison"), individually and in his capacity as Trustee of the MFT, have also filed objections and supplemental objections.

Defendants-counterplaintiffs filed responses to the objections and supplement thereto. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

**BACKGROUND**

**Plaintiffs-counterdefendants' claims**

In May 2017, Plaintiffs filed this case against defendants-counterplaintiffs ProCal Stone Design, LLC ("ProCal Stone Design"), John D. Profanchik, Sr. ("Profanchik"), Justin Kinser ("Kinser"), Irma Villarreal ("Villarreal"), Alfredo Gonzalez ("Gonzalez"), Philippe Mergaux ("Mergaux"), and Pierre-Laurent Chamielec ("Chamielec"). ProCal Stone Design, US LLC ("ProCal USA") and ProCal Enterprises, LLC ("ProCal Enterprises") (together with ProCal Stone Design, "ProCal") were later added as defendants.

Plaintiffs allege the following claims against the ProCal entities, Profanchik, Kinser, Villarreal, Gonzalez, Mergaux, and Chamielec:[1] unfair competition; violations of the Lanham Act, 15 U.S.C. § 1125(a), and Defend Trade Secrets Act of 2016, Public Law 114-153 (May 11, 2016); common law and statutory misappropriation of trade secrets; breach of nondisclosure and

---

[1] According to the parties' Joint Report of Rule 26(f) Conference, Chamielec is a French citizen who does not live or work in the United States. He has not been served in this lawsuit and is not represented by counsel for Defendants (Dkt. #30 at 1, n.1).

Following the filing of Defendant Mergaux's Suggestion of Bankruptcy and Notice of Stay, the Court issued an Order on March 20, 2018, staying all claims asserted in this case as to Defendant Mergaux only, pending further order of the Court (Dkt. #52).

noncompete contractual covenants; conversion; violation of the Texas Theft Liability Act; tortious interference with exiting contractual relationships; civil conspiracy; assisting and encouraging, concert of action by Defendants; joint enterprise by Defendants; and declaratory relief under the Declaratory Judgment Act, 28 U.S.C § 2201.

**Defendants-counterplaintiffs' claims**

In addition to their claims for attorneys' fees, ProCal Stone Design, Profanchik, Kinser, Villarreal, and Gonzalez (collectively, "Defendants") have filed the following counterclaims against the StoneCoat entities, MFT, and Morrison: (1) Lanham Act Unfair Competition, 15 U.S.C. § 1125(a) (Dkt. #156, Count 1, ¶¶ 42-50); (2) Lanham Act False Advertising, 15 U.S.C. § 1125(a) (Dkt. #156, Count 2, ¶¶ 51-63); (3) Lanham Act Trademark Dilution by Blurring and Tarnishment, 15 U.S.C. § 1125(c) (Dkt. #156, Count 3, ¶¶ 64-74); (4) Declaratory Relief (Dkt. #156, Count 4, ¶¶ 75-76); (5) Civil Conspiracy (Dkt. #156, Count 5, ¶¶ 77-78); and (6) Aiding and Abetting/Concert of Action/Joint and Several Liability (Dkt. #156, Count 6, ¶¶ 79-83). Defendants further allege Morrison and MFT are responsible for the conduct of SCOT, StoneCoat LP, and StoneCoat GP (Dkt. #156, "Piercing the Corporate Veil," ¶ 102).

Among other things, the amended counterclaim alleges "Morrison is personally responsible for sales and marketing initiatives and the financial results of StoneCoat's products and services and is personally involved in the decision-making as to all of StoneCoat's advertisements, marketing, promotions, and business decisions" (Dkt. #156, ¶ 16). According to the amended counterclaim, in approximately October 2016, ProCal received notice of a fake complaint submitted to the Better Business Bureau ("BBB") of Houston. *Id.*, ¶ 29. The amended counterclaim alleges ProCal had never had a Houston customer at the time of the complaint's submission, and the allegedly fake

complaint was submitted using the name and e-mail address of a person from Wylie, Texas named Ellis Merworth who had been working at StoneCoat at the time. *Id.* The complaint stated as follows: "DO NOT RECOMMEND: This company is an imitator. They have NOT been in business 17 years as professed. Inferior product. Won't adhere, won't last." *Id.*

The amended counterclaim alleges that at the time of the complaint's submission, Merworth had just ceased negotiations with Morrison to invest in StoneCoat; Merworth says he did not submit the complaint to the Houston BBB; Morrison had access to Merworth's computer and e-mail account at the time and based upon information and belief, used Merworth's account to submit the false complaint to the BBB of Houston. *Id.*

The amended counterclaim further alleges in approximately December 2016, ProCal received notice of a "fake, defamatory complaint published on RipoffReport.com regarding ProCal, among others," which was "purported to be submitted by a Don Henley of Plano, Texas who claims, among other things, that he was a ProCal customer, that ProCal had treated him poorly and did poor work and that he then became a StoneCoat customer, which he claims gave him a better service at a better price." *Id.*, ¶ 30. Specifically, on December 7, 2016, a "Don Henley" submitted on RipOffReport: "They ripped me off. Beware of this company and their claims of spray-on stone. They are scam artists." *Id.* ProCal is not aware of any actual ProCal customer who could have submitted this allegedly fake review and does not know of a Don Henley who owns property in Plano, Texas. *Id.*

According to the amended counterclaim, the person purporting to be "Don Henley" was "actually a Jason France, an individual involved in online business reputation marketing and is associated with a company called Blue Swan." *Id.* The amended counterclaim alleges on information and belief, "Jason France was directed or hired by Morrison to post the Fake Reviews

for the benefit of StoneCoat." *Id*.

On or about the same day, December 7, 2016, ProCal received notice of another allegedly "fake and false customer review submitted to the Better Business Bureau of Dallas," which the amended counterclaim alleges was "also submitted by Jason France purporting to be Don Henley from Allen, Texas." *Id*., ¶ 31. On or about the same day, December 7, 2016, ProCal received notice of another allegedly "fake customer review submitted to Google business reviews," which the amended counterclaim alleges was also submitted by Jason France purporting to be Don Henley stating: "They ripped me off. Beware of this company and their claims of spray-on stone. They are scam artists." *Id*., ¶ 32.

The amended counterclaim alleges during approximately the same time period, "StoneCoat employees and/or representatives Kimberly Kay, Russell Gran and Eric Golden were submitting complimentary Google reviews about StoneCoat without disclosing their connection to StoneCoat." *Id*., ¶ 34. According to the amended counterclaim:

> StoneCoat's statements consist of false designations of origin, false or misleading descriptions of fact or false or misleading representations of fact about ProCal's business, goods or services (i.e., the fictitious customer accounts contained in the fake online reviews disparaging ProCal and lauding StoneCoat). The fake customer reviews were published online in order to disparage ProCal, laud StoneCoat and convince/influence customers to choose StoneCoat over ProCal. The intended audience – anyone on the Internet looking for reviews of spray-on stone providers – is thus an actual or potential customer of StoneCoat or ProCal. ProCal lost customers as a result of the fake reviews. Further, the express purpose of Ripoffreport.com complaints is to advise consumers of allegedly bad companies. (Ripoffreport.com's Logo is 'By consumers, for consumers'). The fake reviews portrayed a customer experience with allegedly shoddy work by ProCal, which never happened, while exalting amazing work performed byStoneCoat, which never happened.

*Id.,* ¶ 36.

The amended counterclaim alleges the "fake ProCal Stone Facebook page and fake reviews

[submitted at the direction of Morrison] contain false or misleading information about ProCal likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of ProCal with StoneCoat, and cause confusion, mistake, or deception as to the origin, sponsorship, or approval of ProCal's goods, services, or commercial activities. The fake ProCal Stone Facebook page and fake reviews also misrepresent the nature, characteristic, qualities or geographic origin of ProCal's goods, services or commercial activities." *Id.*, ¶ 37.

Finally, the amended counterclaim alleges "the fake ProCal Stone Facebook page and fake reviews contain false or misleading information about StoneCoat because StoneCoat is not the inventor of the spray-on stone product, the person(s) submitting the Fake Reviews were not StoneCoat customer(s) and StoneCoat has never taken over work for anyone who was ever a ProCal customer." *Id.*, ¶ 38. The amended counterclaim further alleges "Morrison continues to falsely claim he invented the product and/or process and that StoneCoat has a patent and/or a patent pending," even though Morrison and StoneCoat had notice the application (signed by Morrison) was rejected by the Patent Office in November 2016. *Id.*, ¶ 16.

**Movants' motions for summary judgment**

In two separate motions, Plaintiffs SCOT, Stonecoat GP, and StoneCoat LP and additional counterdefendants MFT and Morrison, individually and in his capacity as Trustee (collectively "Movants") move the Court to grant a summary judgment against the following counterclaims asserted against them by Defendants: (1) Lanham Act violations; (2) civil conspiracy, aiding and abetting, concert of action, and joint and several liability; (3) declaratory relief; and (4) "piercing the

corporate veil."[2]

First, Movants assert Defendants' Lanham Act claims are barred by claim preclusion or traditional res judicata because they are the same claims and operative facts which were alleged by ProCal and Profanchik in the Defamation Cases against StoneCoat and Morrison – with whom Defendants allege in their counterclaim that MFT and Morrison aided and abetted, conspired and jointly participated with to violate the Lanham Act. In addition, Movants assert the Lanham Act claims were compulsory claims that were required to be pleaded and proved in the Collin County Litigation in which a final judgment was rendered in October 2017. Movants further assert there is no evidence of any violation of the Lanham Act.

Second, because there is no affirmative claim that can be brought by Defendants pursuant to the Lanham Act or any other cause of action, Movants argue Defendants' counterclaims alleging civil conspiracy, aiding and abetting, concert of action, and joint and several liability are improperly asserted and should be dismissed as a matter of law.

Third, Movants contend Defendants' request for declaratory relief fails as a matter of law because there is no evidence supporting declaratory relief and Defendants' claims are inapplicable, as a matter of law, to the declaratory relief act.

Fourth, Movants assert Defendants' claim that the corporate veil should be pierced fails as a matter of law because there is no evidence to support Defendants' false contention that Plaintiffs' corporate privileges have been forfeited by the Texas Secretary of State.

Finally, Plaintiffs move for summary judgment against Defendants' affirmative defenses

---

[2] The Magistrate Judge noted Plaintiffs do not address Defendants' claim for attorneys' fees in their motion for summary judgment; therefore, Plaintiffs' motion is properly considered a partial motion. She further noted Defendants' claim for attorneys' fees is not directed at MFT or Morrison (Dkt. #236 at p. 7, n. 4).

asserted in response to Plaintiffs' claims against them.

In a separate motion, Plaintiffs moved to strike Exhibits 2 (2012 Termination of Escrow Agreement and Release of Formula), 13 (purported copy of a Ripoff Report Complaint), 22 (T-Mobile Subpoena Response), 23 (Sprint Subpoena Response), and 36 (Expert Report of Jonathan E. Kemmerer, CPA) attached to the Affidavit of V. Blayre Peña ("Peña Aff."), filed in support of Defendants' response to Plaintiffs' motion for partial summary judgment.

## REPORT AND RECOMMENDATION

On July 25, 2019, the Magistrate Judge entered a 129-page Report and Recommendation ("R&R") regarding proposed findings of fact and recommendations that Movants' motions for summary judgment (Dkt. #s 131, 194) be denied (Dkt. #236). Additionally, the Magistrate Judge denied Plaintiffs' separate motion to strike. After considering the motion to strike (*id.* at pp. 14-23), the Magistrate Judge set forth in detail the pertinent facts. *Id.* at pp. 26-79. Even though the Court's Local Rules provide that proper summary judgment evidence should be attached to the parties' briefing in accordance with Local Rule CV-56(d) and further provide the Court is not obligated to "scour the record in an attempt to unearth an undesignated genuine issue of material fact," Local Rule CV-56(c), the Magistrate Judge advised the parties she considered the entire admissible record in this case, including the previous filings of both Plaintiffs and Defendants in the briefing on Profanchik's Motion for Summary Judgment.[3] *Id.* at p. 23, n. 11 (citing FED. R. CIV. P. 56 (c)(3)

---

[3] The Magistrate Judge noted, however, that she had previously sustained Plaintiffs' objections to certain evidence Profanchik relied upon in support of his motion for summary judgment, and thus she would not be considering that evidence (Dkt. #236 at p. 24, n. 12). Specifically, in the Report and Recommendation of the United States Magistrate Judge on Res Judicata (Dkt. #234), the Magistrate Judge sustained Plaintiffs' objections to ¶¶ 44-46 of the Affidavit of John Profanchik, ¶¶ 51-53 of the Affidavit of Justin Kinser, and ¶¶ 28-30 of the Affidavit of Alfredo Gonzalez.

The Magistrate Judge further noted that for purposes of the R&R before the Court, she would not be considering Dkt. #67-7 (Sam Hance Witness Statement) or Dkt. #s 67-12 through 67-15 and 67-26.

("*Materials Not Cited*. The court need consider only the cited materials [filed with a motion for summary judgment or response], but it may consider other materials in the record.")).

In her discussion of the Lanham Act claims, the Magistrate Judge first considered Movants' res judicata arguments and found them without merit. She concluded all three elements of res judicata had not been conclusively satisfied as to the Defamation Cases. She then considered the Collin County Litigation and concluded Movants had not conclusively established ProCal is in privity with Profanchik with regard to the Collin County Litigation as required to establish the second element of res judicata. In her discussion on whether ProCal is in privity with regard to Profanchik with regard to the Collin County Litigation, the Magistrate Judge noted ProCal was not a party to that state court litigation and Profanchik did not open ProCal Stone Design until over seven months after Profanchik filed the Collin County lawsuit against Morrison and SCOT asserting causes of action for negligent misrepresentation and fraud. *Id.* at p. 92. She was not convinced ProCal Stone Design and Profanchik shared an identity of interest in the basic legal right that was the subject of the Collin County Litigation for purposes of res judicata. The Magistrate Judge stated Movants had not made the required showing that there was a prior or ongoing "substantive legal relationship" between ProCal and Profanchik. *Id.* at pp. 92-93.

The Magistrate Judge also concluded Movants had not conclusively established the third element – that the second action is based on the same claims that were raised or could have been raised in the first action. *Id*. at pp. 91-96. Because Movants had not established all three necessary elements of res judicata, the Magistrate Judge concluded res judicata is not a proper basis for dismissal of Defendants' Lanham Act counterclaims against Movants. *Id*. at 96.

The Magistrate Judge then considered whether Defendants have produced sufficient evidence

in support of their three Lanham Act counterclaims (unfair competition, false advertising, and trademark dilution), "starting with Movants' overarching argument there is no evidence Movants engaged in making the 'fake customer reviews' which form the factual basis for Defendants' three Lanham Act counterclaims." *Id*. at p. 97. The Magistrate Judge then set forth the evidence sufficiently tying StoneCoat and Morrison to the allegedly fake reviews. *Id.* at pp. 98-102. Considering all of the evidence and drawing all reasonable inferences in favor of Defendants, the Magistrate Judge found sufficient evidence in the record to create a genuine issue of material fact on whether Morrison submitted or directed the submission of the Google/Ripoff Report/BBB Dallas complaints. *Id*. at p. 102.

The Magistrate Judge then considered the sufficiency of the evidence on the essential elements of Defendants' Lanham Act counterclaims and found sufficient evidence to create a genuine issue of material fact on each essential element of the unfair competition, false advertising, and trademark dilution counterclaims. *Id*. at pp. 102-19. The Magistrate Judge next considered Defendants' derivative counterclaims and found sufficient evidence to create a genuine issue of material fact that StoneCoat, MFT and Morrison conspired, aided and abetted or acted in concert or in joint participation. *Id.* at pp. 119-22.

The Magistrate Judge next addressed Defendants' claim under the "Piercing the Corporate Veil" section of the amended counterclaim that the corporate privileges of Plaintiffs had been forfeited by the Texas Secretary of State. The Magistrate Judge, after considering all the evidence and drawing all reasonable inferences in favor of Defendants, recommended Movants' motions for summary judgment regarding Defendants' "piercing the corporate veil" counterclaim (including the alleged forfeiture of SCOT's corporate privileges) be denied. *Id*. at pp. 122-26. Finally, the

Magistrate Judge recommended Plaintiffs' motion for partial summary judgment on Defendants' affirmative defenses be denied. *Id*. at pp. 126-28; *see also id*. at p. 28, n. 39 (stating the Court would consider the contested issue of whether Defendants may argue the enforceability, or lack thereof, of the Product Rights Agreement for consideration in the Report and Recommendation on the remaining motions for summary judgment, rather than in conjunction with Plaintiffs' motion for partial summary judgment on Defendants' affirmative defenses (none of which specifically mention the Product Rights Agreement)).

## OBJECTIONS

In their objections, Movants first assert the Magistrate Judge erred in denying Plaintiffs' motion to strike.[4] Movants next point out one typographical error as to a date on page 71 of the R&R (even though the Magistrate Judge correctly stated the date in the heading on the same page and also on page 18 of the R&R) and provide "clarification" related to the bankruptcy proceedings of Mergaux and a proposed settlement by the bankruptcy trustee (even though nothing in the R&R related to Mergaux's bankruptcy proceeding was incorrect at the time it was filed).

Movants next object to the Magistrate Judge's conclusions regarding res judicata. In their objections, Movants argue the R&R improperly concluded Profanchik and ProCal did not have a shared identity of interest and "substantive legal relationship" regarding the counterclaims in the Collin County Litigation wherein Profanchik was sued for breaching his noncompete agreement with

---

[4] Defendants' objections to the Magistrate Judge's non-dispositive order are governed by Rule 72(a), which provides, in pertinent part, that "[t]he district judge. . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review-*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2015 WL 4486756, at *6 (N.D. Tex. July 23, 2015). Movants have not demonstrated the Magistrate Judge's denial of the motion to strike was clearly erroneous or contrary to law.

SCOT (Dkt. #237 at p. 3).

Movants further object to the Magistrate Judge's recommendations regarding the sufficiency of the evidence in support of Defendants' Lanham Act claims. Finally, Movants assert the R&R errs in its conclusion regarding the forfeiture of the corporate privileges issue and also in not addressing the issue of whether Defendants may argue the enforceability, or lack thereof, of the Product Rights Agreement. *Id*. at pp. 8-9.

In their supplemental objections, Movants request the Court to receive further evidence which was not presented to the Magistrate Judge before the issuance of the R&R (Dkt. #237). According to Movants, the evidence was "only produced by Defendants on July 1, 2019," and it "specifically relates to the substantial legal relationship" between Profanchik and ProCal Stone Design as it relates to the Collin County Litigation. *Id*. at p. 2. The evidence is as follows: (1) attorney's fees invoices from the law firm that represented Profanchik in the Collin County Litigation and Profanchik and ProCal in the Defamation Lawsuits, indicating ProCal paid the legal fees for the Collin County Litigation; (2) summary of invoices from the same law firm regarding charges in the Defamation Lawsuits through March 31, 2017; (3) ProCal's "general ledger" for 2017; (4) summary of ProCal payments to the law firm that represented Profanchik in the Collin County Litigation; and (5) Plaintiff's Verified Original Petition, filed by the law firm against Profanchik in Dallas County District Court on March 30, 2019, for nonpayment of attorney's fees stemming from the firm's representation of Profanchik in the Collin County Litigation.

Movants argue these documents show ProCal was "significantly involved" in the Collin County Litigation and paid attorney's fees to the law firm representing Profanchik in that case. Movants request the Court accept the evidence, require a stipulation from ProCal as to the amount

of attorney's fees ProCal paid for the Collin County Litigation, or permit additional discovery with respect to this precise issue. Movants further request the Court reject the findings and recommendations by the Magistrate Judge until such time as ProCal stipulates or provides discovery with respect to the amount of attorney's fees ProCal paid for the Collin County Litigation and the Magistrate Judge has the opportunity to consider the additional evidence. *Id.* at p. 4.

Defendants oppose Movants' attempt to use the additional evidence, first asserting Defendants' supplemental document productions in February 2019 contained the general ledgers of ProCal and attorney fee invoices from the law firm (Dkt. #263 at p. 2). According to Defendants, Movants have not established the importance of the proposed supplemental evidence, noting nothing within the evidence addresses a connection between Profanchik and ProCal prior to the filing of the Collin County Litigation. *Id.* at p. 4. Even if the Court allows the record to be supplemented, Defendants contend none of the supplemental evidence requires a revision to or rejection of the R&R. Movants failed to meet all the elements of res judicata and the proposed supplemental evidence "does not fix those deficiencies," according to Defendants. *Id*. at p. 5.

The Court agrees. Although the Court will accept the evidence, the Court denies Movants' remaining requests. As explained in detail below, the supplemental evidence does not establish all three necessary elements of res judicata. Putting aside the issue of privity, the Court finds neither the objections or supplemental evidence establish the necessary third element of res judicata – that the claims in this second federal action are based on the same claims that were raised or could have been raised in the first state court action.

## *DE NOVO* **REVIEW**[5]

**Res Judicata**

### *Applicable law*

Federal courts give a Texas state court judgment "the preclusive effect it would be given under Texas law." *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir.2000) (citing *Hogue v. Royse City,* 939 F.2d 1249, 1252 (5th Cir.1991))).

It is a fundamental principle of American jurisprudence that a person cannot be bound by a judgment in litigation to which he was not a party. *Lee v. Rogers Agency*, 517 S.W.3d 137, 154 (Tex. App. – Texarkana 2016, pet. denied) (citing *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). One exception to this principle is the doctrine of res judicata. *Lee*, 517 S.W.3d at 154 (citing *Amstadt*, 919 S.W.2d at 652–53).

"Res judicata" is often said to encompass two separate but related doctrines: claim preclusion and issue preclusion. *Reliance Capital, Inc. v. G.R. Hmaidan, Inc.*, No. 14-07-01059-CV, 2009 WL 1325441, at *2 (Tex. App. – Houston [14th Dist.] May 14, 2009, pet. denied) (unreported) (citing *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992)). Claim preclusion, or traditional res judicata, precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. *Reliance Capital*, 2009 WL 1325441, at *2 (citing *Amstadt,* 919 S.W.2d at 652).

Under Texas law, a party seeking to have an action dismissed on the basis of traditional res

---

[5] The Court will apply the well settled summary judgment standards set forth by the Magistrate Judge in the R&R.

judicata must show the following: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) that the same parties, or those in privity with them, were involved in the prior case; and (3) that the second action is based on the same claims that were raised or could have been raised in the first action. *Khyber Holdings, LLC v. BAC Home Loans Servicing, LP*, No. 3:12-CV-04067-M-BK, 2013 WL 1904091, at *2 (N.D. Tex. Apr. 1, 2013), *report and recommendation adopted,* No. 3:12-CV-04067-M-BK, 2013 WL 1905121 (N.D. Tex. May 8, 2013) (citing *Amstadt,* 919 S.W.2d at 652). "The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on *causes of action* or defenses which arise out of the same *subject matter* and which might have been litigated in the first suit." *Barr,* 837 S.W.2d at 630 (emphasis in original).

### *Analysis*

Movants do not specifically object to the Magistrate Judge's finding that with regard to the Defamation Cases res judicata is not a proper basis for dismissal of Defendants' Lanham Act counterclaims. Rather, in their objections, Movants focus on the Collin County Litigation. Whereas Movants address in their objections the Magistrate Judge's findings as to both the second res judicata element (privity) and the third res judicata element (same claims raised or could have been raised), Movants' supplemental objections and evidence relate to the issue of privity only.

Because Movants must conclusively establish all three elements of res judicata, the Court does not need to address the contested privity issue unless the Court disagrees with the Magistrate Judge's findings as to the third element. In her discussion as to the third element, the Magistrate Judge stated Profanchik's negligent misrepresentation and fraud claims in the Collin County Litigation arose out of Profanchik's attempt to purchase StoneCoat in 2015, which "had nothing to

do with the facts surrounding Defendants' allegations in the current lawsuit that StoneCoat unfairly competed against ProCal a year later in 2016." R&R at p. 94. According to the Magistrate Judge, the Collin County Litigation was filed in May 2015; Morrison acknowledged in his deposition he created a "subpage from his Facebook account" in June 2016 with the profile name "ProCal Stone;" and the allegedly fake reviews were posted in October and December 2016.

In their objections, Movants assert the claims in the Collin County Litigation involved Profanchik's formation of ProCal to unlawfully compete against SCOT and false assertions by ProCal that ProCal was the inventor and originator of the sprayed limestone industry, as well as SCOT's counterclaim for breach of Profanchik's promise not to compete against ProCal (Dkt. #237 at pp. 3-4). Movants assert competition between SCOT, and Profanchik and ProCal was clearly the subject matter of the Collin County Litigation "and is clearly the same subject matter of the Defendants' Lanham Act claims as asserted in this action." *Id*. at p. 4. According to Movants, Profanchik and ProCal have an identity of interest regarding their competition against SCOT – a claim that was actually litigated in Collin County or, at the very least, "might have been litigated" there. *Id*. at pp. 4-5. Movants state all of Defendants' Lanham Act counterclaims existed prior to the August 2017 jury trial in the Collin County Litigation. Movants further object that the R&R does not address res judicata as to Profanchik individually. *Id.* at p. 6. Movants argue summary judgment should be granted against any claims that could have been asserted by Profanchik against SCOT and Morrison in the Collin County Litigation, including all of the claims regarding "fake reviews" and false advertising. *Id*. at p. 7.

Movants' assertions are unpersuasive. As pointed out by Defendants in their response to the objections, Plaintiffs focus on Morrison's and SCOT's claims asserted in the Collin County

Litigation and not ProCal's claims in this case or Profanchik's claims in the Collin County Litigation (Dkt. #257 at pp. 3-4). Contrary to Movants' assertion, there is no indication in the record that the Collin County Litigation involved any claims regarding false assertions by ProCal that ProCal was the inventor and originator of the sprayed limestone industry. Defendants agree the Collin County Litigation was about Profanchik's alleged "unfair competition," but correctly assert "*this* case is about *StoneCoat's* and *Morrison's* [alleged] unfair competition through false advertisements and trademark infringement." *Id*. at p. 4 (emphasis in original). Defendants' Lanham Act counterclaims in this case are only asserted by ProCal Stone Design; Profanchik is only seeking his attorneys' fees related to defending the claims asserted against him.

Movants assert the R&R errs in concluding Defendants' Lanham Act claims could not have been litigated in the Collin County Litigation and that res judicata does not apply to facts that occurred after the filing of the Collin County Litigation (Dkt. #237 at p. 6). According to Movants, there was no "hurdle" or lack of subject matter jurisdiction to prevent ProCal and Profanchik from asserting the Lanham Act unfair competition claims in the Collin County Litigation.[6] The Court disagrees.

As explained by the Magistrate Judge, the Texas Supreme Court has determined that claims could not have been litigated in a prior suit (so claim preclusion would not apply) where there

---

[6] According to Defendants, Movants raise new arguments in their objections in an attempt to support res judicata by arguing there was "no hurdle" to overcome pursuant to several state court rules. *Id*. (citing Dkt. #237 at p. 6). Issues raised for the first time on objection are not properly before the court. *Henderson v. Dir., TDCJ-CID*, No. 2:14CV941, 2018 WL 739121, at *3 (E.D. Tex. Feb. 7, 2018) (citing *Omran v. Prator*, 674 Fed.Appx. 353, 355 (5th Cir. 2016) ("Omran's equal-protection claim will not be considered because it was raised for the first time in his objections to the magistrate judge's report and recommendation"); also citing *Finley v. Johnson*, 243 F.3d 215, 222 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."); and also citing *United States v. Armstrong*, 951 F.2d 626 (5th Cir. 1992)).

Even so, the Court considers this argument and finds it without merit.

existed some legal hurdle to asserting them in that prior suit. R&R at pp. 94-95 (citing *Welsh v. Fort Bend Indep. Sch. Dist.*, 860 F.3d 762, 765 (5th Cir. 2017) (citing *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992); *cf. Browning v. Navarro*, 887 F.2d 553, 558 (5th Cir. 1989) ("If the court rendering judgment lacked subject-matter jurisdiction over a claim or if the procedural rules of the court made it impossible to raise a claim, then it is not precluded."))). Texas courts have refused to apply res judicata to claims that were not yet mature at the time of the first lawsuit. R&R at p. 95 (citing *Welsh*, 860 F.3d at 765-66 (citations omitted). The Magistrate Judge pointed out that the Fifth Circuit in *Welsh* also found instructive Texas's compulsory counterclaim rule, "under which a party must assert as a counterclaim any action arising out of the same transaction as the claim so long as the action is mature at the time of filing the pleading." R&R at p. 95 (citing *Welsh*, 860 F.3d at 766 & n. 5 (further stating the Texas Supreme Court in *Barr*, 837 S.W.2d at 630-31, noted the similarity between the compulsory counterclaim rule and res judicata)). The court in *Welsh* rejected "the idea that every time something happens after a lawsuit is filed the plaintiff must immediately amend or risk losing that claim forever." 860 F.3d at 767.

The Magistrate Judge concluded that Texas res judicata law does not bar the claims asserted in the current lawsuit based on facts that occurred after the filing of the Collin County Litigation. R&R at p. 96. The Court agrees and notes another basis in support of this conclusion – the so-called jurisdictional competency requirement. "If state preclusion law includes this requirement of prior jurisdictional competency, which is generally true, a state judgment will not have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts." *In re Tusa-Expo Holdings, Inc.*, No. 08-45057-DML-7, 2014 WL 6891295, at *3 (Bankr. N.D. Tex. Oct. 8, 2014) (quoting *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382, 105 S.Ct.

1327, 84 L.Ed.2d 274 (1985) (emphasis added); also citing *id.* at 383 n. 3 ("where state preclusion rules do not indicate that a claim is barred, we do not believe that federal courts should fashion a federal rule to preclude a claim that could not have been raised in the state proceedings")).

This Court is a court of competent jurisdiction with respect to the federal Lanham Act counterclaims asserted in this case. The Collin County state court, however, is not a court of competent jurisdiction to adjudicate the federal claims. Based on this Court's exclusive jurisdiction over the Lanham Act claims, the Court finds the Collin County Litigation does not bar Defendants' from asserting the Lanham Act claims. *See, e.g.*, *In re Lease Oil Litig.,* 200 F.3d 317, 321 (5th Cir.2000) ("Because federal antitrust claims are within the exclusive jurisdiction of the federal courts . . . those claims could not have been litigated in [state court]" and the state court judgment in a prior action "does not bar the federal action under that doctrine"); *see also Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.,* 83 F. Supp. 2d 781, 788–790 (E.D. Tex.2000) ("Thus, it appears that Texas' highest court adheres to the rule that claim preclusion does not foreclose a claim beyond the jurisdiction of the court rendering judgment")).

Because Movants have failed to conclusively establish all three essential elements of res judicata as to the Collin County Litigation, the Court agrees with the Magistrate Judge that res judicata is not a proper basis for dismissal of Defendants' Lanham Act claims against Movants.

**Sufficiency of the evidence**

Movants further object to the Magistrate Judge's recommendations regarding the sufficiency of the evidence in support of Defendants' Lanham Act claims, specifically regarding whether any alleged review was actually published by the publishers – Facebook, Better Business Bureau and "ripoff report" – to the public and reviewed by any consumer (Dkt. #237 at p. 7). Movants maintain

the R&R further errs in concluding Defendants "do not need to prove damages in order to overcome a motion for summary judgment on their Lanham Act claims."[7] *Id*. at p. 8.  Additionally, Movants argue the R&R errs in concluding there is sufficient evidence of any dilution of Defendants' trademark. Finally, Movants assert the R&R errs in its conclusion regarding the forfeiture of the corporate privileges issue and also in not addressing the issue of whether Defendants may argue the enforceability, or lack thereof, of the Product Rights Agreement. *Id*. at pp. 8-9.

Regarding the last issue, the Magistrate Judge concluded it would best be addressed in the Court's consideration of the remaining motions for summary judgment, rather than in conjunction with Plaintiffs' motion for partial summary judgment on Defendants' affirmative defenses (none of which specifically mention the Product Rights Agreement).  R&R at p. 128, n. 39.  The Court agrees and further notes the Magistrate Judge discussed this contested issue in her 193-page Report and Recommendation on Defendants' motions for summary judgment. *See* Dkt. #241 at pp. 138-40 and specifically n. 49 (stating the Magistrate Judge "considered both sides' arguments related to the effect of the Hopkins State Litigation and concluded it is not clear the Final Judgment entered by the court in the Hopkins State Litigation prevents Plaintiffs from arguing the French formula was or is a StoneCoat GP trade secret").  Thus, this last objection is without merit.

---

[7] The Magistrate Judge stated Defendants would have to prove damages with sufficient particularity to support an award of actual damages, even though the injury element of the false advertising claim was met.  R&R at p. 114.  She further noted, however, that Defendants represented they were continuing to assess and calculate their damages and also cited case law indicating a plaintiff who could not produce evidence that a substantial number of consumers were actually misled might still be entitled to injunctive relief, but not monetary damages, on its false advertising claim. *Id.* at pp. 115-16.  The Court agrees with the Magistrate Judge's conclusion and is likewise not persuaded Defendants cannot prove they have suffered any damages arising from any claim asserted in the amended counterclaim, including the Lanham Act counterclaims specifically referenced by Movants in regard to their damages argument. *Id*. at p. 115.

Movants' remaining objections are nothing more than a regurgitation of their arguments raised before, and rejected by, the Magistrate Judge. The Court has conducted a *de novo* review of the objections in relation to the evidence outlined in detail by the Magistrate Judge and the applicable law. After careful consideration, the Court concludes Movants' remaining objections as to the sufficiency of the evidence are without merit and are, therefore, overruled.

## CONCLUSION

The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for [Partial] Summary Judgment (Dkt. # 131) is **DENIED**. It is further

**ORDERED** that The Morrison Family Trust and Kenneth W. Morrison's Motion for Summary Judgment (Dkt. # 194) is **DENIED**.

**SIGNED this 9th day of September, 2019.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE